IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

HCRI TRS Acquirer, LLC,                     Case No. 3:09 CV 2691

                Plaintiff,         MEMORANDUM OPINION
                                   AND ORDER
    -vs-
                                   JUDGE JACK ZOUHARY
Herbert W. Iwer, III, et al.,

                Defendants.

## INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Strike (Doc. No. 20) three affirmative defenses raised in Defendants' Answer (Doc. No. 15). Plaintiff HCRI TRS Acquirer, LLC ("HCRI") filed this suit seeking damages against Defendants Herbert Iwer, the President and Chief Executive Officer of Progressive Healthcare, LLC ("Progressive"), and Andrea Iwer, the Vice-President and Chief Operating Officer of Progressive, for alleged breach of a loan guaranty (Doc. No. 1).

## BACKGROUND

According to the Complaint, on July 31, 2006, Progressive (as debtor) and Plaintiff (as creditor) entered into a valid loan agreement. As part of that agreement, Defendants personally guaranteed the performance of Progressive's obligations. Specifically, Defendants "unconditionally guarantee[d] the prompt payment when due of the Credit and the performance of the Loan Obligations" (Doc. No. 1, Ex. 1 at ¶ 1). Defendants further agreed that if Progressive failed to make any payments, Defendants would be required to pay the full balance of the loan (Doc. No. 1, Ex. 1 at ¶6). Finally, Plaintiff alleges Defendants waived "all suretyship and other similar defenses" (Doc.

No. 1, Ex. 1 at ¶5). Plaintiff contends that Defendants' guarantees and waivers extended to several subsequent loan modifications which increased the amount of the loan (Doc. No. 1, Ex. 4).

Progressive defaulted on the loan resulting in Plaintiff seeking $11,181,454.08 in principal and interest payments from Defendants under the guaranty.

## STANDARD OF REVIEW

Under Federal Civil Rule 12(f), a "court may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." *Id*. (emphasis added). Accordingly, affirmative defenses may be stricken from the pleadings if they are insufficient as a matter of law. *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 905 (N.D. Ohio 2003). However, courts should disfavor motions to strike affirmative defenses "because they potentially serve only to cause delay." *Id.* (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). The Sixth Circuit explained in *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819 (6th Cir. 1953) as follows:

> Partly because of the practical difficulty of deciding cases without a factual record, it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Id*. at 822 (citations omitted).

In response to these concerns, courts developed a three-part test to determine whether an affirmative defense survives a motion to strike. *See, e.g., Williams,* 279 F. Supp. 2d at 905. First, "the matter must be properly pleaded as an affirmative defense." *Id*. Second, the affirmative defense "must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9." *Id*. Finally, the affirmative defense must be able to "withstand a Rule 12(b)(6) challenge." *Id*.

**DISCUSSION**

In this case, Defendants assert three affirmative defenses:

1. That the Plaintiff is equitably estopped from pursuing its legal rights in claiming a default by reason of the fact that *it directly controlled the actions of Progressive which created the circumstances which resulted in the default of Progressive, thus setting up the purported default on the part of the Defendants*.

2. That the actions of the Plaintiff were such that it impaired the value of the collateral to which Guarantors could look for indemnification, i.e., the value of Progressive, both *by the direct control of Progressive and further, by Plaintiff's refusal to allow the sale of the collateral to satisfy Progressive's obligations*.

3. That the Defendants executed the Guaranties and consents attached to Plaintiff's Complaint only as a result of economic duress caused *by the control of Progressive by the Plaintiff or its agents.*

(Doc. No. 15) (emphasis added to factual statements).

Plaintiff argues that Defendants fail to meet the second step of the test because the defenses were inadequately pleaded under Civil Rule 8, and also argues the guaranty specifically waived two of the affirmative defenses.

**Pleading Requirements of Affirmative Defenses**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court set forth the minimum requirements for a complaint to survive a motion to dismiss under Civil Rule 12(b)(6). In doing so, the Court examined the meaning of "a short and plain statement of the claim showing that the pleader is entitled to relief" within the context of Rule 8(a)(2). *Id.* at 545. The Court held the "threshold requirement of Rule 8(a)(2) [is] that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555. Thus, a complaint must state "enough facts to state a claim of relief that is plausible on its face." *Id*. at 570. Therefore a plaintiff

3

must give "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action," to survive a 12(b)(6) motion. *Id*. at 555.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court clarified that *Twombly* was not limited to antitrust cases, but instead "expounded the pleading standard for all civil actions." *Iqbal*, 129 S. Ct. at 1953. The Court went on to describe a two-pronged approach to examining the sufficiency of a complaint. First, a court should disregard statements that are "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 1949. While these conclusions "can provide the framework of a complaint," they "are not entitled to the assumption of truth" due to their lack of factual allegations. *Id*. at 1950. Second, a court should "assume [the] veracity" of "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Id*.

District courts have been divided as to whether *Twombly* and *Iqbal* apply to all pleadings, including affirmative defenses contained in an answer, or if they only govern complaints. Some have relied on the difference in wording between Civil Rule 8(a) and Civil Rule 8(b) & (c) to hold that the heightened pleading requirements do not apply to affirmative defenses. *See, e.g.*, *Westbrook v. Paragon Sys.*, 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. 2007) ("Neither [Rule 8(b) nor Rule 8(c)] expresses a requirement that the answer 'show' the defendant is entitled to prevail on its affirmative defense."). Similarly, some courts have directly relied on the language of *Twombly* and *Iqbal* to limit their holdings to complaints. *See, e.g., McLemore v. Regions Bank,* 2010 U.S. Dist. LEXIS 25785, at *46 (M.D. Tenn. 2010) ("[*Twombly*] does not mention affirmative defenses or any

4

other subsection of Rule 8. *Iqbal* also focused exclusively on the pleading burden that applies to plaintiffs' complaints.").[1]

In contrast, other courts have focused on the underlying rationale used by the Supreme Court as a justification for extending the holdings of *Twombly* and *Iqbal* to affirmative defenses. *See, e.g.*, *Shinew v. Wszola*, 2009 U.S. Dist. LEXIS 33226, at *9 (E.D. Mich. 2009) ("The *Twombly* decision also observed that discovery costs required to explore the factual basis for a pleaded claim or defense are a problem."); *See also, United States v. Quadrini*, 2007 U.S. Dist. LEXIS 89722, at *11 (E.D. Mich. 2007) ("This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a 'reasonably founded hope' of success, cannot be a pleading standard that applies only to plaintiffs.").[2]

This Court is of the latter view. While the language in Civil Rule 8(a) differs from the language in Civil Rule 8(b) & (c), this difference is minimal and simply reflects the fact that an answer is a response to a complaint.[3] Furthermore, the shared use of the "short and plain" language --

---

[1] Other cases holding that *Twombly* and *Iqbal* are not the standard for affirmative defenses include: *Holdbrook v. Saia Motor Freight Line, LLC*, 2010 U.S. Dist. LEXIS 29377 (D. Colo. 2010), *Romantine v. CH2M Hill Eng'rs, Inc.*, 2009 U.S. Dist. LEXIS 98699 (W.D. Pa. 2009), *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, 2009 U.S. Dist. LEXIS 149, at *4-5 (E.D. Mich. 2009), *Am. Resources. Ins. Co. v. Evoleno Co., LLC*, 2007 U.S. Dist. LEXIS 55181 at n. 7 (S.D. Ala. 2007).

[2] Other district court cases extending *Twombly* and *Iqbal* to affirmative defenses include: *Zampieri v. Zampieri*, 2009 U.S. Dist. LEXIS 92152 (E.D. Tenn. 2009), *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622-23 (S.D.N.Y. 2008), *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 U.S. Dist. LEXIS 48399 (E.D. Mich. 2008), *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 2008 U.S. Dist. LEXIS 83135 (W.D. Tex. 2008), *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. 2007), *Greenheck Fan Corp. v. Loren Cook Co.*, 2008 U.S. Dist. LEXIS 75147 (W.D. Wis. 2008).

[3] Civil Rule 8(a)(2) requires a plaintiff to first file "a short and plain statement of the claim showing that the pleader is entitled to relief." Once this filing is completed, Civil Rule 8(b)(1)(A) requires a defendant to "state in short and plain terms its defenses to each claim asserted against it."

5

the essence of the pleading standard -- indicates the pleading requirements for affirmative defenses are the same as for claims of relief. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009); *see also, Wright and Miller*, Federal Practice and Procedure: Civil 3d Section 1274 ("The general rules of pleading that are applicable to the statement of a claim also govern the statement of affirmative defenses under Federal Rule 8(c).").

Furthermore, the holdings of *Twombly* and *Iqbal* were designed to eliminate the potential high costs of discovery associated with meritless claims. *See Twombly*, 550 U.S. at 558-561; *Iqbal*, 129 S. Ct. at 1950. Boilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints. *See Shinew*, 2009 U.S. Dist. Lexis 33226 at *7-11. Therefore, both complaints and affirmative defenses should "provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case." *Hayne*, 263 F.R.D. at 650.

Defendants' first two affirmative defenses -- equitable estoppel and impairment of collateral -- contain sufficient factual allegations to give rise to legitimate defenses. Although the allegations do not specify all of the conduct that gave rise to the defenses, they do give Plaintiff the necessary notice of a plausible defense. *See id.* at 651-52 (striking a defendant's affirmative defenses when they are "too conclusory to give [a plaintiff] fair notice of the grounds upon which [the defense rests]"). Therefore, the first two affirmative defenses are properly pleaded under Civil Rule 8 and meet the first two steps of the 12(f) test.

Defendants' third affirmative defense, on the other hand, fails to explain how Plaintiff's control might have caused economic duress. Mere control does not equate to economic duress. *See Blodgett v. Blodgett*, 49 Ohio St. 3d 243, 246 (1990) ("A person who claims to have been a victim of

economic duress must show that he or she was subjected to a wrongful or unlawful act or threat, and that it deprived the victim of his unfettered will."). This defense does not identify who created the economic duress or when, facts clearly within Defendants' knowledge. Defendants cannot claim that discovery is needed to uncover these facts. Yet this defense is a bare-bone conclusion that makes no sense in light of the four amendments to the loan agreement, each affirming Defendants' guaranty, over the course of almost three years (e.g., Doc. No. 1, Ex. 4 at ¶ 9). This boilerplate defense does not fit the admitted facts in the pleadings and is not plausible. *See Hayne*, 263 F.R.D. at 650. The requirements of *Twombly* and Civil Rule 8, and the 12(f) test as well, are not met.

### Waiver of Suretyship Defenses

Though the first and second affirmative defenses meet the *Twombly* standard, Plaintiff also argues that those defenses should be stricken because Defendants waived all suretyship defenses when they signed the loan agreement. The Sixth Circuit has held that in Ohio, "[s]uretyship is the contractual relation whereby one person, the surety, agrees to answer for the debt, default or miscarriage of another, the principal, with the surety generally being primarily and jointly liable with the principal." *McWane, Inc. v. Fid. & Deposit Co.*, 372 F.3d 798, 802 (6th Cir. 2004) (quoting *Solon Family Physicians, Inc. v. Buckles*, 96 Ohio App. 3d 460, 463-64 (1994)). Under Ohio law, "[a] party is not discharged [from its obligation] . . . if the instrument or a separate agreement of the party provides for waiver of discharge under [Ohio law] either specifically or by general language indicating that parties waive defenses based on suretyship or impairment of collateral." Ohio Rev. Code § 1303.70(I). As a result, a guarantor may contractually waive surety defenses. *McWane*, 372 F.3d at 804 (citing *Water Works Supplies v. Grooms Constr. Co.*, 2003 Ohio 1527 (Ohio Ct. App., 2003)).

7

When interpreting specific clauses of a suretyship agreement, courts must only rely on the actual words of the contract. *Id*. at 803. These words "are to be understood in their plain and ordinary sense, to be read in the light of the surrounding circumstances and of the object intended to be accomplished." *Id*. Here, the contract signed by Defendants contained a specific clause in all capital letters stating "Guarantor waives all suretyship and other similar defenses." (Doc. No. 1, Ex. 1 at ¶ 5). Furthermore, the same contract stated "[t]his guaranty shall extend and be applicable to all renewals, amendments, extensions, consolidations, modifications, increases and reductions of the Loan Documents and the Credit." (Doc. No. 1, Ex. 1 at ¶ 7). The plain and ordinary meaning of these clauses indicates that Defendants waived any suretyship defenses, including the defenses of equitable estoppel and impairment of capital.

Defendants do not oppose Plaintiff's waiver argument as to the equitable estoppel affirmative defense, but Defendants do argue that concerns about Plaintiff's "good faith" preserve their impairment of collateral defense. However, impairment of capital is a surety defense, whether or not Defendants have concerns about Plaintiff's good faith. *See McWane*, 372 F.3d at 804-05 (citing Restatement (Third), Suretyship and Guaranty § 42 (2) (a) - (d)).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (Doc. No. 20) is granted. This Court strikes the first two defenses (equitable estoppel and impairment of collateral) with prejudice, because Defendants have waived them as a matter of law, and strikes the third affirmative defense (economic duress) without prejudice for failing to meet the pleading requirements.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 28, 2010